# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Edward Bennett, | Civil Action No. 2:16-2645-RMG |
| Plaintiff, | |
| v. | **ORDER AND OPINION** |
| United States of America, | |
| Defendant. | |

This matter is before the Court on Defendant the United States of America's motion for summary judgment. For the reasons set forth below, the Court grants summary judgment for Defendant.

## I. Background

On August 24, 2014, Plaintiff Edward Bennett went fishing with his nephew and cousin, leaving from Garris Landing in the morning. (Dkt. No. 15-2 (Dep. of Edward Bennett).) Garris Landing is a recreational boating facility in Awendaw, South Carolina, that is owned and operated by Defendant. Plaintiff paid no fee to use Garris Landing. (*Id.* at 20–21.) They came back to Garris Landing at approximately 4:00 p.m. Plaintiff pulled the boat up to the ladder section of the seawall to tie the boat to the ladder. (*Id.*) As he was standing with one foot on the seawall and the other in the boat, his foot slipped from the seawall and he fell, severely injuring his knee. (Dkt. No. 1 ¶ 9.)

After exhausting administrative remedies, Plaintiff filed this action under the Federal Tort Claims Act ("FTCA") on July 26, 2016. (Dkt. No. 1 ¶ 3.) Plaintiff asserts two causes of action: general negligence and premises liability. Defendant was negligent, according to Plaintiff, in installing a marine ladder to the bulkhead so that the slick metal bulkhead cap at the top of the

ladder became the ladder's landing platform or top step. Defendant moved for summary judgment on April 24, 2017.

## II. Legal Standard

Summary judgment is appropriate if a party "shows that there is no genuine dispute as to any material fact" and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In other words, summary judgment should be granted "only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987). "In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities in favor of the nonmoving party." *HealthSouth Rehab. Hosp. v. Am. Nat'l Red Cross*, 101 F.3d 1005, 1008 (4th Cir. 1996). The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Once the moving party has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. *Id.* at 324. Rather, the non-moving party must demonstrate that specific, material facts exist that give rise to a genuine issue. *Id.* Under this standard, "[c]onclusory or speculative allegations do not suffice, nor does a 'mere scintilla of evidence'" in support of the non-moving party's case. *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002) (quoting *Phillips v. CSX Transp., Inc.*, 190 F.3d 285, 287 (4th Cir. 1999)).

## III. Discussion

The FTCA waives the sovereign immunity of the United States for tort claims, rendering the United States "liable . . . in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674. South Carolina law provides that private individuals

are liable in negligence if the plaintiff proves "(1) a duty of care owed by defendant to plaintiff; (2) breach of that duty by a negligent act or omission; (3) resulting in damages to the plaintiff; and (4) damages proximately resulted from the breach of duty." *Fettler v. Gentner*, 722 S.E.2d 26, 29 (S.C. Ct. App. 2012). In premises liability cases, the "level of care owed is dependent upon the class of the person present." *Larimore v. Carolina Power & Light*, 531 S.E.2d 535, 538 (S.C. Ct. App. 2000). "South Carolina recognizes four classes of persons present on the property of another: adult trespassers, invitees, licensees, and children." *Id.*

Plaintiff describes himself as "a licensee on [Defendant's] property at the time of the incident" and he claims Defendant therefore owed him duties to refrain from conduct on the land that could injure him and to warn him of concealed dangers. (Dkt. No. 17 at 3.) Plaintiff correctly describes the low duty of care owed licensees, who "can be said to accept the premises as they are and demand no greater safety than his host provides himself." *Sims v. Giles*, 541 S.E.2d 857, 864 (S.C. Ct. App. 2001) (emphasis removed). Under premises liability law, however, Plaintiff likely would be an invitee on Defendant's property at the time of the incident because the boat landing is held open to the public. *See Goode v. St. Stephens United Methodist Church*, 494 S.E.2d 827, 831 (S.C. Ct. App. 1997) ("A public invitee is one who is invited to enter or remain on the land as a member of the public for a purpose for which the land is held open to the public."). "The owner of property owes to an invitee . . . the duty of exercising reasonable or ordinary care for his safety, and is liable for injuries resulting from the breach of such duty." *Sims*, 541 S.E.2d at 863. "The degree of care required is commensurate with the particular circumstances involved . . . ." *Id.*

Defendant, however, did not owe Plaintiff the duty of care owed an invitee or a licensee because the South Carolina Recreational Use Statute relieves Defendant of that duty. Under that law, property owners who permit persons to use land for recreational purposes without charge owe

-3-

no duty of care to recreational users, and they do not "[e]xtend any assurance that the premises are safe for any purpose" or "[c]onfer upon recreational users the legal status of an invitee or licensee to whom a duty of care is owed." S.C. Code §§ 27-3-30, -40. The Recreational Use Statute applies to public property owners like the United States. *Richardson v. City of Columbia*, 532 S.E.2d 10, 13 (S.C. Ct. App. 2000). Because Plaintiff was not charged for recreational use of the boat landing, Defendant can have no simple negligence liability for Plaintiff's injury.

Plaintiff admits Defendant cannot be liable for simple negligence, but argues Defendant's installation of the ladder was grossly negligent. The Recreational Use Statute does not bar liability for gross negligence. S.C. Code § 27-3-40. "Gross negligence is the intentional, conscious failure to do something which it is incumbent upon one to do or the doing of a thing intentionally that one ought not to do. Negligence is the failure to exercise due care, while gross negligence is the failure to exercise slight care." *Clyburn v. Sumter Cty. Sch. Dist. No. 17*, 451 S.E.2d 885, 887 (S.C. 1994). Normally, the question of what activity constitutes gross negligence is a mixed question of law and fact, but "[w]hen the evidence supports but one reasonable inference, the question becomes a matter of law for the court." *Id.* at 887–88.

The undisputed facts are that Defendant installed a marine ladder having slip-resistant rungs to a bulkhead but failed to add any slip-resistant feature to the metal bulkhead cap at the top of the ladder. In essence, the bulkhead and ladder together formed a ladder with an allegedly slippery top step. Installing a ladder which every step but one is slip-resistant might be a failure to exercise due care, but it cannot be a failure to exercise even slight care. There is no dispute that the ladder Defendant installed is a non-slip marine ladder appropriate for that use. There is no dispute that the ladder was securely affixed to the bulkhead. Those undisputed facts are evidence that at least slight care was exercised in the ladder installation. Because the undisputed evidence

supports "but one reasonable inference"—that Defendant exercised at least some care—Plaintiff's gross negligence claim fails as a matter of law.

Defendant is immune under the South Carolina Recreational Use Statute from Plaintiff's simple negligence claims. Plaintiff fails to raise a genuine factual issue regarding gross negligence. Defendant therefore is entitled to judgment as a matter of law and the Court grants Defendant's motion for summary judgment.

## IV. Conclusion

For the foregoing reasons, the Court **GRANTS** Defendant's motion for summary judgment (Dkt. No. 15).

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Court Judge

May 15, 2017
Charleston, South Carolina